# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Merrill Paul Smith,

    Plaintiff

v.

Sheriff Joe Lombardo, et al.,

    Defendants

Case No.: 2:18-cv-00358-JAD-NJK

**Order Adopting Report and Recommendation, Dismissing Action, and Closing Case**

[ECF No. 13]

    Plaintiff Merrill Paul Smith brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while detained at the North Valley Correctional Center and Clark County Detention Center.[1] When Smith's mail from the court began to be returned in May of this year, the Court ordered him to file a notice of changed address by July 1, 2019.[2] That notice, too, was returned, Smith has not updated his address, and his mail continues to be returned. So, the magistrate judge recommends that I dismiss this case without prejudice.[3] The deadline for objections to that report and recommendation passed without any filing from Smith, and "no review is required of a magistrate judge's report and recommendation unless objections are filed."[4]

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A

---

[1] ECF No. 1-1.

[2] ECF No. 11.

[3] ECF No. 13.

[4] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

1

court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[6] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[9] and that warning was given here.[10] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

---

[6] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[7] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[10] ECF Nos. 11, 13.

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that the Report and Recommendation **[ECF No. 13] is ADOPTED**, and **this case is DISMISSED** for failure to file a notice of changed address as directed by the court. **The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 23, 2019